492    APPELLATE COURTS OF ILLINOIS.

American Metal Co. v. U. S. Reduction Co., 205 Ill. App. 492.

## Abstract of the Decision.

1. BROKERS, § 88*—*what constitutes prima facie case in action for commissions.* In an action to recover a commission on a certain real estate deal, where defendant agreed to pay plaintiff a certain commission upon consummation of the deal, a prima facie case *held* to be made out when plaintiff showed a contract for the sale of the land formally executed by the parties and accepted by the defendant, notwithstanding the defendant later refused to carry out the contract.

2. CORPORATIONS, § 431*—*when word in signature is descriptio personæ.* The word "treasurer" after the name of an officer of a corporation is *descriptio personæ.*

3. CORPORATIONS, § 430*—*what is sufficient signature to agreement.* The name of a certain company to a certain agreement, *held* to be sufficient if placed there by a person authorized to act for the company, even though the signature of the person acting as the company's agent did not itself appear.

American Metal Company, Appellee, v. U. S. Reduction Company, Appellant.

### Gen. No. 21,925.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 9, 1917. Rehearing denied May 22, 1917.

### Statement of the Case.

Action by the American Metal Company, plaintiff, against the U. S. Reduction Company, defendant, to recover for the breach by defendant of a contract for the purchase of 150 tons of antimonial lead. From a judgment for plaintiff for $807.67, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

American Metal Co. v. U. S. Reduction Co., 205 Ill. App. 492.

SILBER, ISAACS, SILBER & WOLEY, for appellant.

FELSENTHAL & WILSON, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 114*—*when refusal to accept shipments constitutes breach of contract.* Where defendant contracted to purchase of plaintiff certain "Newark antimonial lead, running approximately from 15% to 18% antimony and not above 1% arsenic," and accepted a certain quantity shipped but refused to accept further shipments unless they were found to be absolutely free from copper, and defendant's witnesses testified no antimonial lead is produced "absolutely free of copper," and there was no evidence that the amount of copper supposed to be in the antimonial lead was sufficient to impair its value or render it unsuitable to defendant's purposes, *held* that defendant's refusal to accept shipments unless found to be absolutely free from copper constituted a breach of the contract for which plaintiff would be entitled to recover.

2. SALES, § 65*—*what is effect of provision in contract as to prohibition of given substance in ore.* The expression in a contract of a prohibition against the presence of a given substance in ore sold would, under ordinary canons of construction, exclude any implied exclusion of any other substance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.